## STATE EX REL. HOLCOMBE v. BURDICK, STATE AUDITOR.

APPROPRIATIONS—STATE VETERINARIAN—SALARY OF—STATUTES
—REPEAL—CONSTITUTIONAL LAW.

1. A statute of the territory creating the office of veterinarian providing that the "Stock Indemnity Fund," composed of money raised by special tax on live stock, should be used for no other purposes than those designated in the act, one purpose being the payment of the salary and expenses of the veterinarian; a balance remaining in such fund may be drawn on to pay the salary of that officer, no other appropriation being made for such salary, notwithstanding that such salary had not formerly been paid out of such fund because of the custom of the legislature to provide in the general appropriation bills for the salary and expenses of that officer, and notwithstanding that the section of the statute creating the fund has been repealed; there having been no disposition of the fund so created.

2. The veterinarian may be paid his salary from such fund for the two fiscal years ending March 31, 1895, and until the act is modified as to the particular fund out of which he shall be paid.

3. The effect of including the office of veterinarian in the general appropriation bills has not been to repeal by implication or otherwise, the original act, but merely to suspend its operation in regard to his compensation pro tempore.

4. The statute although enacted during the territorial regime, is in force as a valid law of the state, except as modified by amendments, as it is not obnoxious to any constitutional provision. (State ex rel. Henderson v. Burdick, supra, followed.)

[Decided June 1, 1893.]

ORIGINAL ACTION in mandamus on the relation of A. A. Holcombe, State veterinarian, to compel the auditor, Charles W. Burdick, to issue a warrant upon the State treasury for the salary of relator for the month of April, 1893, the auditor having declined to issue such warrant, on the ground that, admitting the claim for salary to be a just one, the second legislature had failed to make any appropriation therefor. The case was heard upon demurrer to petition. It was contended on behalf of relator that the act of 1882 creating the office, and the amendments thereto, contained a sufficient appropriation; Sec. 1 of the act as amended in 1890-91; Laws of 1890-91, p. 328, fixing the salary at $1,800 per annum, and providing for its payment out of the fund created by the act, which was known as the "Stock Indemnity Fund." The provision for the tax from which the fund was derived was repealed in 1890, but there had been no disposition of the money remaining therein.

*Lacey & Van Devanter*, for relator.

Citing the constitutional and statutory provisions and authorities cited by same counsel in the case of State ex rel. Henderson v. Burdick, reported supra, and in addition thereto, Rev. Stat. 1887, Secs. 4199, 4211, 4213; Laws 1888, pp. 131 and 136; Laws 1890, p. 26; Laws 1891, p. 328.

*Charles N. Potter*, Attorney General, for respondent.

GROESBECK, CHIEF JUSTICE.

This case presents substantially the same questions as those involved in the case of Henderson v. Burdick, just decided. There is, however, one difference in the situation of the officers which may be noticed. The statute creating the office of veterinarian provides for his compensation and traveling expenses, for the condemnation of diseased live stock, and a fund for the payment of the salary and expenses of the veterinarian and for live stock slaughtered according to law. (Sections 4199-4213, Rev. Stat. Wyo., taken from Ch. 41, Sess. Laws 1882.) The section creating the office of veterinarian was amended by Ch. 77 of Sess. Laws 1890-1, and his salary was fixed at $1,800.00 per annum, to be paid out of the fund provided in the chapter. This fund was created by the act and arose from the special annual tax of not exceeding one mill on the dollar, to be levied by the territorial board of equalization annually upon the assessed valuation of all cattle, sheep, horses and mules in the territory. The section creating the fund was amended by Ch. 58, Sess. Laws 1888, by striking out the word "sheep" wherever the same occurred in the section, thus removing the tax on sheep for the purposes of the act. The section was finally repealed by Ch. 12 of the Sess. Laws of 1890, but no disposition was ever made of the fund thereby created, and it still remains as a distinct and separate fund in the treasury, under its designation by statute, the Stock Indemnity Fund. There is now, as alleged in the petition and conceded in the argument, to the credit of said fund the sum of $6,630.00. It can be used for no other purpose than that prescribed in the act creating it, as the statute provides that it shall be used for no other purposes. One of these purposes is the payment of the salary and expenses of the veterinarian. However, it seems that this fund has not been drawn upon for this purpose, as it has been the custom of the legislature to provide in the general appropriation bills for the salary and contingent expenses of that officer. The second legislature, being the one last in session, did not appropriate any money for these purposes. We think the effect of including the veterinarian's office in these appropriation

bills has not been to repeal by implication or otherwise the original act, but merely to suspend its operation in regard to his compensation pro tempore. Hence the veterinarian may now be paid his salary from the stock indemnity fund, for the two fiscal years ending March 31, 1895, and until the act is modified as to the particular fund out of which he shall be paid.

The statute, although enacted during the territorial regime, is in force as a valid law of the State, except as modified by amendments, as it is not obnoxious to any constitutional provision. Even if it were, as conflicting with any provisions of that instrument, which are generally held to be prospective, the statute would probably be valid.

Cutting v. Taylor (S. D.), 51 N. W., 951; State v. Kenney (Mont.), 26 Pac., 197.

The peremptory writ is awarded against the auditor, commanding him to draw his warrant for the salary of relator for the month of April, 1893, on the Stock Indemnity Fund.

Conaway and Clark, JJ., concur.